FILED
SCRANTON

SEP 21 2012

PER ꧁M. E. R.꧂
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAMON A. VICIOSO, :
 :
    Petitioner : CIVIL NO. 3:12-CV-567
 :
v. : (JUDGE NEALON)
 : (MAGISTRATE JUDGE BLEWITT)
CRAIG LOWE, et al., :
 :
    Respondents :

## MEMORANDUM

On March 28, 2012, Petitioner, Ramon Vicioso, a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is not subject to the mandatory detention provision of INA § 236(c), 8 U.S.C. § 1226(c)(1). (Doc. 1). After a response and additional documents were filed, Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation ("R&R") on August 29, 2012.[1] (Doc. 14). Magistrate Judge Blewitt recommends that the habeas petition be granted to the extent that Petitioner should be given an individualized bond hearing before an Immigration Judge within ten (10) days. (Id.).

On September 12, 2012, Respondents filed objections to the R&R. (Docs. 15-16). Respondents argued:

> Petitioner ... is subject to mandatory detention because: (1) any gap between criminal custody and immigration custody does not extinguish the duty of Immigration and Customs Enforcement ("ICE") to detain criminal aliens under 8 U.S.C. § 1226(c); and (2) Vicios's [sic] detention does not violate due process because it has not become prolonged.

---

[1] See the R&R for a detailed factual and procedural background of the case. (Doc. 14).

1

(Id.). Then, on September 20, 2012, Respondents filed a stipulation of dismissal on behalf of all parties. (Doc. 17). Pursuant to the stipulation, Petitioner agrees to dismiss his petition for writ of habeas corpus, (Doc. 1), with prejudice. (Id.). Further, the "parties agree to bear their own costs and attorney fees, and no attorney's fee or costs under the Equal Access to Justice Act, or any other provision of law, will be sought in the above-captioned matter." (Id.). Finally, the parties agree that the Clerk of Courts should enter judgment in this action. (Id.).

In accordance with the stipulation of dismissal, the R&R will be denied as moot. The petition for writ of habeas corpus will be dismissed and the case closed. A separate Order will be issued.

**Date:** September 21, 2012

_____
**United States District Judge**